WATFORD, Circuit Judge,
concurring:
I' agree with my colleagues that our decision in Trans-Tec Asia v. M/V Harmony Container, 518 F.3d 1120 (9th Cir.2008), requires us to affirm the district court’s ruling that a maritime lien exists in favor of O.W. Bunker. But in my view Trans-Tec was wrongly decided. In holding that a maritime lien arose against the vessel, the Trans-Tec court gave effect to a choice-of-law clause in a contract between the materialman and the charterer, even though there, as in this case, neither the vessel nor the vessel owner was a party to the contract. Id. at 1126-27. In so holding, we purported to follow the Fifth Circuit’s decision in Liverpool and London Steamship Protection and Indemnity Ass’n Ltd. v. QUEEN OF LEMAN MV, 296 F.3d 350 (5th Cir.2002). Trans-Tec, 518 F.3d at 1126. But we overlooked a basic fact of that case: While the Fifth Circuit did indeed give effect to a choice-of-law clause when deciding whether a maritime lien arose, the contract in that case was between the party claiming the lien (an insurer) and the vessel owner itself. QUEEN OF LEMAN, 296 F.3d at 351. The Fifth Circuit’s reasoning has no application in a ease like Trans-Tec, which involved a non-party that neither knew about nor consented to the contractual provision at issue. Trans-Tec’s holding is in conflict with what our court had earlier described as “an obvious truism-nonparties cannot be bound by an agreement.” Gulf Trading & Transp. Co. v. M/V Tento, 694 F.2d 1191, 1196 n. 8 (9th Cir.1982).
In Trans-Tec, as here, we should have applied the factors specified in Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), to decide the choice-of-law question, rather than relying on a contractual choice-of-law clause that did not (and indeed could not) bind either the vessel or the vessel owner. If we applied the Lauritzen factors in this case, we would not uphold a lien in O.W. Bunker’s favor. Each of the countries whose law could potentially apply under Lauritzen does not recognize the maritime lien O.W. Bunker claims in this case.